UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH ROZELLE GRAVES,           :

    Petitioner                              :        CIVIL ACTION NO. 3:24-0744

    v.                                           :              (JUDGE MANNION)

J. TERRA, SUPERINTENDENT,        :

    Respondent                         :

## MEMORANDUM

Petitioner Joseph Rozelle Graves, an inmate confined in the Phoenix State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges a conviction and sentence imposed in the Lebanon County Court of Common Pleas. Id. The filing fee has been paid. (Doc. 5). Along with the filing of his petition, Petitioner filed a motion to stay the above captioned action pending his exhaustion of state court remedies. (Doc. 2). For the reasons set forth below, the Court will grant Petitioner's motion and issue a stay of litigation while Petitioner completes state review of his second PCRA petition. This action will be administratively closed until Petitioner demonstrates that he has exhausted his state court remedies.

## I. **Background**

On September 25, 2020, a jury convicted Petitioner of intimidation of a witness, corruption of minors, indecent assault, and endangering the welfare of children (EWOC), violations of 18 Pa. Cons. Stat. §§4952(a)(1), 6301(a)(1)(i), 3126(a)(7), and 4304(a)(1), respectively. Commonwealth v. Graves, 2022 WL 678929 (Pa. Super. 2022). On March 3, 2021, the trial court sentenced him to an aggregate term of ten months to five years' imprisonment. Id. No post-sentence motions were filed. Id.

Petitioner filed a timely appeal to the Pennsylvania Superior Court, which affirmed his convictions on March 8, 2022. Id. No further appeal was filed.

On April 5, 2022, Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons.Stat. Ann. §§9541–9546. Commonwealth v. Graves, Docket Number CP-38-CR-0000441-2019, available at http://ujsportal.pacourts.us. By Order dated July 12, 2023, the PCRA court dismissed his PCRA petition, and on July 18, 2023, denied his motion for reconsideration. Id.

On August 8, 2023, Graves filed an appeal to the Superior Court from the PCRA court's dismissal. Pa. Super. Ct. Docket No. 1117 MDA 2023. He

filed a praecipe for discontinuance on December 13, 2023, and on December 15, his appeal was discontinued. Id.

On April 3, 2024, Graves filed a second PCRA petition, which remains pending. Docket Number CP-38-CR-0000441-2019.

On May 2, 2024, Petitioner filed the instant petition for writ of habeas corpus, along with a motion to stay the instant petition while he continues to exhaust his state court remedies. (Doc. 1; Doc. 2).

According to his habeas petition, Petitioner raised the following three grounds in his original P.C.R.A. petition:

> (1) The Commonwealth failed to grant / or deny relator's request for an administrative hearing and declaratory order;
> (2) That the Commonwealth violated the so-called *Brady* rule by failing to turn over information regarding a D.H.S. investigation to the defense;
> (3) That trial counsel was either ineffective / non-assistant / incompetent based on the facts of the record et al.

(Doc. 1 at 3).

He further represents that his original P.C.R.A. petition was "dismissed in part / issues withdrawn in part base[d] on D.O.C. Phoenix staff instructions." (Id. at 4). The Court of Common Pleas docket indicates that on August 2, 2023, the court granted a "motion to withdraw PCRA petition." Docket Number CP-38-CR-0000441-2019.

Petitioner now represents that in his April 3, 2024 P.C.R.A. petition, he has raised the same three grounds raised in his original position. (Id.).

The instant habeas petition specifies no grounds. Petitioner leaves section 11 of the form petition, which directs a petitioner to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States," blank. (Id. at 5). But the court must construe a pro se filing such as Petitioner's "liberally," and thus "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it." Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021). So because Petitioner ostensibly raised the same two constitutional grounds (grounds (2) and (3)) in successive P.C.R.A. petitions, the court assumes that he intended to raise those grounds here as well.

## II.   **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State

- 4 -

corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1). Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective. . . ." See Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [the petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding that a collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28

U.S.C. §2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir.1993).

Here, it appears that Petitioner has not exhausted either of his two constitutional claims. Based on his representation that his original P.C.R.A. petition was "withdrawn in part," it is not clear whether either of his constitutional claims were decided on the merits by the P.C.R.A. court. Even if they were, Petitioner voluntarily discontinued his appeal from the P.C.R.A. court's denial. (See Superior Court Docket No. 1117 MDA 2023).[1] Claims that were appealed but voluntarily discontinued before resolution have not been exhausted, because the state courts have not been given a "full opportunity to resolve any constitutional issues by invoking one complete round of the [Commonwealth's] established appellate review process."[2] See

---

[1] On December 13, 2023, Petitioner filed a praecipe for discontinuance in the Superior Court. See Pa. R. App. P. 1973.

[2] The court notes that habeas petitioners "need not seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a 'full opportunity to resolve any constitutional claims.'" Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004).

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Reddy v. SCI Somerset, No. 18-cv-748, 2018 WL 6834728, at *6 (E.D. Pa. 2018).

Because Petitioner's constitutional claims are not yet exhausted, he is not now entitled to a writ of habeas corpus. 28 U.S.C. §2254(b)(1). But the court cannot definitively conclude at this point that he will never be.

Three alternative situations present themselves. First, Petitioner cannot possibly exhaust one or both of his constitutional claims, because he has already raised them and the time for appealing has expired. Second, Petitioner *can* possibly exhaust his claims by raising them in a successive PCRA petition and appealing them to the Superior Court, but has not properly raised them in his second PCRA petition. In this situation, the 1-year limitation period would not be tolled while his second PCRA petition is pending, because the period is tolled only for a "properly filed application." 28 U.S.C. §2244(d)(2). Third, Petitioner can properly exhaust his claims and *has* begun this process by properly raising them in his second PCRA petition. In this situation, the time during which his claims are pending in the second PCRA petition would not be counted toward the 1-year limitation period.

Absent more information, the court cannot presently discern which situation Petitioner is in. If the first, he is precluded from seeking habeas relief. If the third, he will have ample time to pursue habeas relief following

- 7 -

exhaustion. (His appeal from the denial of his first petition was discontinued on December 14, 2023 and he filed his second petition less than four months later, on April 3, 2024). But if the second, he faces the risk of forfeiting exhaustible claims, as the 1-year limitations period may expire while his improperly filed second PCRA petition is pending.

In Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005), the Supreme Court considered "whether a state postconviction petition rejected by the state court as untimely nonetheless is 'properly filed' within the meaning of §2244(d)(2)." The Court concluded that it is not. Id.

Addressing the petitioner's argument that this conclusion was unfair because "a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,' and thus that his federal habeas petition is time barred," the Court explained that a "[a] prisoner seeking state postconviction relief may avoid this predicament … by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until the state remedies are exhausted." Id. at 416. "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id. (citing Rhines, 544 U.S. at 278).

The record here suggests some confusion on Petitioner's part as to the proper method of exhausting his claims. Specifically, the facts that he requested withdrawal of certain of his claims in his original PCRA petition (purportedly at the instruction of SCI Phoenix staff), discontinued his appeal of that petition, and subsequently re-raised the same claims in a second PCRA petition indicates that Petitioner has attempted in good faith to properly raise his claims. But the possibility that he has improperly filed exhaustible claims threatens to doom his claim for habeas relief.

In the unique procedural circumstances of this case, Petitioner's confusion about the proper method of filing his claims constitutes good cause for a stay. The record does not make plain that his claims are unmeritorious. Neither does it appear that he has "engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. For these reasons, and out of an abundance of caution, the court concludes that a stay is warranted.

In order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court second PCRA proceedings, he will be required to file a written status report with the court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's dispositions. Failure to do so will result in dismissal of his petition.

Upon demonstration by Petitioner that his state court proceedings have concluded, the stay issued in this matter will be lifted. Until such time, this matter will be marked closed for administrative purposes.

Petitioner is further instructed that if and once he exhausts his claims and the stay is lifted, he will be required to file an amended petition which specifies the grounds on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States. That means that he will have to fill out section 11 of the form 28 U.S.C. §2254 petition he used previously.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

## IV. Conclusion

For the reasons set forth above, adjudication of Graves' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 will be stayed pending the exhaustion of state court remedies. Petitioner shall, within thirty (30) days of the termination of his state court proceedings regarding his second PCRA action, file a written status report with the Court detailing the conclusion of his Pennsylvania state court exhaustion efforts and include a copy of the Superior and/or Supreme Court's disposition. Until then, this matter will be administratively closed.

Failure to notify the court within 30 days of the exhaustion of the pending state court matter will result in the case being dismissed.

An appropriate order will issue.

_____
**MALACHY E. MANNION**
United States District Judge

**DATE: May 22, 2024**
24-0744-01